GALIA A. PHILLIPS – CA Bar #250551
1300 Clay Street, Suite 600
Oakland, CA 94612
Telephone: (415) 269-4553
Facsimile: (510) 464-8001

Attorney for Defendant
FREDERICK SIMS

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| UNITED STATES OF AMERICA, | Case No. 3:12-cr 0062 -WHA |
|---|---|
| Plaintiff, | |
| v. | STIPULATION AND [PROPOSED] ORDER TEMPORARILY RELEASING DEFENDANT TO ATTEND FUNERAL |
| FREDERICK SIMS, | |
| Defendant. | |

## I.  STIPULATION[1]

On February 10, 2012, based on the parties' agreement, Magistrate Judge James released Mr. Sims on an unsecured bond. Mr. Sims performed well on pre-trial release and remained out of custody until last week when he pled guilty. Because the conviction was under the Controlled Substances Act, per 18 U.S.C. § 3143 (b) Mr. Sims was remanded into Marshal custody pending sentencing. Yesterday Mr. Sims's mother died. The funeral is set for next Wednesday, April 25, 2012. The parties therefore stipulate and agree as follows: The Marshals shall release Mr. Sims on Tuesday, April 24, 2012. Mr. Sims must turn himself in to the Marshals by 2:00 pm on

---

[1] This stipulation is being presented to the district court instead of the magistrate because, under 18 U.S.C. 3141(b), a judicial officer of a court of original jurisdiction must order the release of someone detained pending sentencing.

Thursday, April 26, 2012.[2]  The Marshals may remand Mr. Sims into custody without further hearing from this Court.  While Mr. Sims is released from custody, he must abide by the conditions of release set by Judge James in her February 10, 2012 Order, as amended by Judge James's February 23, 2012 Order.

Pre-trial services officer Josh Libby has been informed of this request and does not object.

It is so stipulated.

Dated:  April 18, 2012

By: */s/*_____
GALIA A. PHILLIPS
Attorney for Defendant
FREDERICK SIMS

Dated:  April 18, 2012

By: */s/*_____
KEVIN BARRY
Assistant United States Attorney

---

[2] The parties request that Mr. Sims be released the day before the funeral because, according to the Marshals, the jail may not release Mr. Sims until late at night on the day he is ordered released.  The parties request that Mr. Sims turn himself in the day after the funeral because the Marshals need Mr. Sims to turn himself in by 2:00pm and the funeral is at 11 am.  If Mr. Sims is required to turn himself in the day of the funeral, he will miss part of it.

## II. ORDER

GOOD CAUSE APPPEARING, The Marshals shall release Mr. Sims on Tuesday, April 24, 2012. Mr. Sims must turn himself in to the Marshals by 2:00 pm on Thursday, April 26, 2012.[3] The Marshals may remand Mr. Sims into custody without further hearing from this Court. While Mr. Sims is released from custody, he must abide by the conditions of release set by Judge James in her February 10, 2012 Order, as amended by Judge James's February 23, 2012 Order.

IT IS SO ORDERED.

Date: April 20, 2012.



_____
William Alsup
UNITED STATES DISTRICT JUDGE

STIPULATION AND [PROPOSED] ORDER FOR TEMPORARY RELEASE
CASE NO. 3:12CR62-WHA

495929.01